not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest."

It does not clearly appear from the record whether the $1,250,000 of stock in question was issued in payment or part payment for the leasehold or for the tangible property thereon. It does not appear from the evidence introduced what was the actual cash value of the property paid in, whether leasehold or building, and it does not appear from the evidence what was the total outstanding capital stock of the taxpayer on March 3, 1917. On this branch of the case it is obvious that there is no evidence before the Board having any material bearing upon the issue between the taxpayer and the Commissioner.

With respect to the deductions claimed on account of exhaustion of the leasehold, it has been held in the *Appeal of Hotel de France Company*, 1 B. T. A. 28, and *Appeal of Grosvenor Atterbury*, 1 B. T. A. 169, that the deduction from gross income of "a reasonable allowance for the exhaustion, wear, and tear of property used in the trade or business" is applicable to leaseholds but must be based upon its cost or its value on March 1, 1913. The taxpayer having introduced no testimony as to the value on either the date it acquired the property, or March 1, 1913, there is nothing in the record before us upon which we could find that the Commissioner has erred in his determination with respect to the deduction claimed or with respect to the resultant deficiencies in tax. For these reasons the determination as asserted by the Commissioner must be affirmed.

---

## Appeal of THE WELSH PACKING CO.        Docket No. 741.

The taxpayer is not entitled to relief in the absence of sufficient evidence to establish the allegations asserted in the petition.

Submitted December 17, 1924; decided January 8, 1925.

*LeRoy M. Magruder, Esq.*, for the taxpayer.

*George Bowden, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, and SMITH.

This appeal involves income and excess profits taxes for the years 1917 and 1918 and is from a deficiency amounting to $4,405.67 determined by the Commissioner. From the oral and documentary evidence introduced at the hearing the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Missouri corporation, with its principal place of business at Springfield, Mo., and is engaged in the business

of killing, curing, and wholesaling meat. It was organized on December 17, 1906, under the name of Teagarden Packing Co., with a paid-up capital stock of $75,000. In 1908 its capital stock was increased to $100,000, and on December 17, 1914, the name was changed to the Welsh Packing Co.

2. In 1912 the taxpayer wrote off the books of the corporation the sum of $39,147.25, representing cost of certain buildings, machinery, and equipment, and sought to restore it as a part of invested capital in 1917. This the Commissioner disallowed, and, in addition, reduced the invested capital $10,935.05 because the taxpayer had failed to take sufficient depreciation in prior years, and also disallowed a deduction in the amount of $2,864.73 sought by the taxpayer for each of the years 1917 and 1918 as depreciation on the assets restored in 1917. The taxpayer alleges error on the part of the Commissioner in these rulings.

3. The invested capital of the taxpayer, as found by the Commissioner, was $87,947.34 for the year 1917 and $87,931.85 for the year 1919. No satisfactory evidence was adduced to show that these computations were incorrect.

#### DECISION.

The deficiency determined by the Commissioner is approved. The taxpayer has failed to substantiate the allegations of its petition on appeal by sufficient evidence.

---

## Appeal of REYNOLDS & REYNOLDS CO.          Docket No. 331.

> The Board has no jurisdiction of an appeal based upon the rejection in part of a claim for the abatement of additional assessments of income and profits taxes for the fiscal years ended September 30, 1917, and September 30, 1918, which assessments were made in 1923 under the provisions of section 250(d) of the Revenue Act of 1921.

Submitted December 17, 1924; decided January 8, 1925.

*J. S. Graydon, Esq.*, for the taxpayer.

*A. H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, and SMITH.

SMITH: This appeal came on for hearing on December 17, 1924, upon a plea in bar filed by the Commissioner upon the ground that the Board has no jurisdiction of the appeal.

The taxpayer made its income and profits tax returns for the years 1917 and 1918 upon the basis of fiscal years ended September 30, 1917, and September 30, 1918. A revenue agent made an examination of the taxpayer's books of account and records for the purpose of verifying its tax returns filed for those years, and in a report dated December 21, 1922, recommended the assessment of additional taxes for both years. The taxpayer protested the adjustments which